IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>　　　Plaintiff,<br><br>　　　v.<br><br>HARPO PRODUCTIONS, INC., et al.,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 08 C 7322<br><br>**Judge Matthew Kennelly** |
| HARPO PRODUCTIONS, INC.,<br>　　　Counter-Plaintiff,<br><br>　　　v.<br><br>ILLINOIS COMPUTER RESEARCH, LLC,<br>　　　Counter-Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## HARPO'S RESPONSE TO ICR'S STATEMENT
## OF UNDISPUTED MATERIAL FACTS

Charles L. Babcock
Michael Locklar
JACKSON WALKER L.L.P.
1401 McKinney, Ste. 1900
Houston, TX 77010
(713) 752-4200

David P. Sanders
Olivia T. Luk
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2963

*Attorneys for Defendant/Counter-Plaintiff*
*Harpo Productions, Inc.*

Pursuant to Local Rule 56.1, Harpo Productions, Inc. hereby submits this Response to Defendant's Statement of Undisputed Material Facts.

1.  Scott Harris is a prolific inventor, with 43 issued patents and 129 pending applications. Mr. Harris has spent 21 years practicing patent law, 14 as a partner at Fish & Richardson. He was named the top patent prosecuting attorney in the IP Law and Practice "Hall of Fame" in 2003. He is a member in good standing of the patent bar and admitted to practice before the Patent and Trademark Office. Mr. Harris has never been sanctioned, and he has never been found to have committed inequitable conduct in any of the thousands of patents which he prosecuted. (Declaration of Scott C. Harris, Ex. A, ¶2)

**RESPONSE:** Harpo denies that paragraph 1 is a statement of fact that complies with Local Rule 56.1. ICR has not verified its claims by providing in discovery the patents that Scott Harris ("Harris") allegedly invented, other than the patent-at-issue (the '252 patent) nor has it provided the pending applications allegedly invented by Harris. Harpo admits that Harris was a partner at Fish & Richardson. ICR has not provided any evidence that Harris was named top patent prosecuting attorney in 2003 and thus Harpo denies the same. Harpo has no knowledge whether Harris has been sanctioned or whether Harris has been found to have committed inequitable conduct and thus Harpo denies the same. ICR has not provided any information regarding the alleged thousands of patents that Harris has prosecuted and thus Harpo denies the same.

2.  Harpo's inequitable conduct claim alleges that Mr. Harris intentionally misled the PTO about an iteration of the BarnesandNoble.com website:

    32. Mr. Harris knew of the barnesandnoble.com website and its functionality at the time he filed the application that led to the '252 patent. Mr. Harris referenced the barnesandnoble.com website in the text of the application that led to the '252 patent. Mr. Harris provided a limited description of the functionality of the barnesandnoble.com website; in the text of the application, Mr. Harris discloses that the barnesandnoble.com website allowed individuals to view pictures of the covers of books. Mr. Harris, however, did not disclose that those individuals could read excerpts from these books as well (see, e.g., SNYICR000001, 364, 748-753, 1397-1406). ***Mr. Harris misled the PTO by not disclosing to the PTO that the barnesandnoble.com website allowed individuals to read excerpts from books in addition to allowing them to view pictures of the covers of those books***. Further, Mr. Harris did not provide any printouts or other information to the PTO

to describe what was present on the barnesandnoble.com website.... (Dkt. No. 79-2 at ¶32; emphasis added).

**RESPONSE:** Harpo admits that ICR has accurately typed a portion of Harpo's inequitable conduct defense and counterclaim. Harpo further admits that Harpo alleges that Harris intentionally misled the PTO about the BarnesandNoble.com website. Harpo does not admit to any implication that the BarnesandNoble.com website viewed by Harris was missing a text excerpt of a book.

3. Mr. Harris specifically identified the BarnesandNoble.com website in his patent application and stated that website contained book "reviews" and other "data".

   The concept of touch and feel is quite prevalent in a bookstore. Many bookstores are common on the web, such as BarnesandNoble.com and Amazon.com. These provide very convenient browsing for an individual who knows what book they want to buy. The individual can often see a picture of the cover of the book, and read certain reviews about the book. However, the amount of data is often limited. '252 patent, col. 5, lns. 12-19.

**RESPONSE:** Harpo admits that ICR has correctly typed a section of the '252 Patent. Harpo admits that Harris identified the BarnesandNoble.com website in the patent specification. Harpo denies that Harris stated that the website contained "other data." '252 patent, col. 5, lines. 12-19

4. During the deposition of Mr. Harris, Harpo elected not to show Mr. Harris, or ask him any questions about, the pages from the BarnesandNoble.com website on which its inequitable conduct claim is premised. (Dep. Transcript (Ex. B) at 2).

**RESPONSE:** Harpo denies that "Harpo elected not to show Mr. Harris, or ask him any questions about, the pages from the BarnesandNoble.com website." Harpo did ask Harris questions about those pages, to which Harris replied that he "did not specifically remember." Deposition of Scott C. Harris, page 61, lines 16 – 23.

5. Mr. Harris testified in his uncontroverted declaration:

   At no time did I attempt to hide anything from the Examiner about that website. Indeed, I specifically identified the website "BarnesandNoble.com" in my application in a manner

that would allow anybody sitting at a computer to view that website within seconds. (Ex. A at ¶6).

**RESPONSE:** Harpo denies that paragraph 1 is a statement of fact that complies with Local Rule 56.1. Harpo admits that ICR did accurately type what Harris stated in his declaration. However, as described in Harpo's Response, Harris did not provide a copy of the BarnesandNoble.com website to the Examiner as required by Patent Office Procedure and the Examiner did not review the website. Further, Harris hid from the Examiner the text of the BarnesandNoble.com website. Therefore, Harpo denies that "At no time did [Harris] attempt to hide anything from the Examiner about that website. Indeed, [Harris] specifically identified the website "BarnesandNoble.com" in my application in a manner that would allow anybody sitting at a computer to view that website within seconds." Therefore, Harpo denies the accuracy of the declaration of Harris.

6. Mr. Harris had not seen an iteration of the Barnes and Noble website that included book "excerpts". To quote from his declaration:

> At some point before I applied for the '252 patent, I had looked at the BarnesandNoble.com website. I saw that website included book reviews and other information. I was not aware of any item on the website which included book "excerpts".
>
> In retrospect, if Barnes and Noble could have included book reviews on its website, it would not have surprised me that it could also have included excerpts from the book. Both reviews and "excerpts" are just text; one contains words from a book and the other contains words about a book. The latter could contain words from the book, e.g., quotes. Text words from a book or about a book was not the point or subject of any of the inventions claimed in the '252 patent.

**RESPONSE:** Harpo admits that ICR has accurately typed a section of the Harris declaration. Further responding, it is not believable that the BarnesandNoble.com website he viewed did not contain images of books with typed-in text excerpts and Harpo denies the accuracy of Harris' current recollection. Further, not two months before Harris' declaration, he stated in deposition

that he could not specifically remember what was on the BarnesandNoble.com website. Therefore, Harpo denies the accuracy of the statement made by Harris.

                                        Respectfully submitted,

                                        **HARPO PRODUCTIONS, INC.**

                                        By:/s/ *Michael Locklar*
                                             One of its attorneys

Charles L. Babcock
Michael Locklar
JACKSON WALKER L.L.P.
1401 McKinney, Ste. 1900
Houston, TX 77010
(713) 752-4200

David P. Sanders
Olivia T. Luk
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2963

CERTIFICATE OF SERVICE

    I certify that I caused a true and correct copy of this document to be served on all counsel of record by the Court's electronic filing system on December 22, 2009:

                                                       /s/ Michael Locklar
                                                       Michael Locklar

5686608v.2