**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Illinois Computer Research, LLC | ) Case No. 08 cv 7322 |
| Plaintiff, | ) |
| | ) Judge Matthew F. Kennelly |
| v. | ) |
| | ) |
| Harpo Productions Inc., | ) |
| and Sony Electronics Inc, | ) |
| | ) |
| Defendant. | ) |

**ICR'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT ON HARPO'S INEQUITABLE CONDUCT CLAIM**

Harpo has not met the standard which the Federal Circuit articulated in <u>Star Scientific, Inc.</u> v. <u>R.J. Reynolds Tobacco Co.</u>, 537 F.3d 1357 (Fed. Cir. 2008). Specifically, to meet a threshold showing of intent (even assuming that materiality has been satisfied), in addition to being based on sufficient evidence and be reasonable in light of that evidence, an inference of deceptive intent "must be the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard." *Id.* at 1366-67. Harpo's response nowhere addresses this standard, much less explains how it could be met.

Harpo instead proffers a broader, pre-<u>Star Scientific</u> standard. Citing <u>Baxter International, Inc.</u> v. <u>McGraw, Inc.</u>, 149 F.3d 1321 (Fed. Cir. 1998), Harpo says: "Materiality and intent are both fact questions." (Harpo Br. at 4). Harpo apparently does not appreciate that where, as here, deceptive intent is based on inference, <u>Star Scientific</u> imposes a specific framework for determining whether that claim meets a threshold showing (i.e., can survive summary judgment).

1

There is reason for Harpo's tactic: on this record, the inference of deceptive intent is not even reasonable, much less the "single most reasonable inference to be drawn" as required by Star Scientific. In addition to being an inventor, Mr. Harris is an esteemed patent prosecution attorney who makes his living by dealing with the Patent Office on a daily basis. It makes no sense, and it is not reasonable to infer, that Mr. Harris decided to risk wrecking his career by hiding something and telling the Examiner (and potential infringers along with their legal counsel) precisely where the hidden information could be found. If Mr. Harris were truly trying to hide the content of the barnesandnoble.com website from the Examiner, why did he identify the website at all? Harpo has sidestepped -- and definitely not answered -- this question. And the question of whether deceptive intent is the single most reasonable inference to be drawn from that scenario can be answered without regard to Mr. Harris's declaration testimony.

Harpo engages in a lengthy discussion of the materiality of the barnesandnoble.com website. However, that is a sideshow which begs the central question of this motion: can an inference of deceptive intent be the single most reasonable inference where Mr. Harris specifically identified the very website he is accused of trying to hide? See Star Scientific, 537 F.3d at 1365-66 ("With regard to the deceptive intent prong, we have emphasized that 'materiality does not presume intent, which is a separate and essential component of inequitable conduct.'").

Moreover, even Harpo's own exhibits demonstrate that the barnesandnoble.com website constantly changed, ***and did not always include book excerpts***. See ICR's Response to Harpo's Statement of Additional Material Facts at ¶2. This, too, is another

reason why deceptive intent cannot be the single most reasonable inference to be drawn, as it supports Mr. Harris sworn declaration (direct evidence) that he had not seen a version of the site which included book "excerpts".

Finally, Harpo's repeated argument that Mr. Harris did not remember anything at his deposition regarding the barnesandnoble.com website is incorrect. Harpo's counsel asked just a total of four questions. The first question was a general question of what Mr. Harris saw on the amazon.com and barnesandnoble.com websites. Mr. Harris answered "I don't <u>specifically</u> remember **but according to this, I saw that you could see the cover of the book and reviews about the book**." (Ex. A, p. 61:16-p.62, ln. 2) Harpo omitted the highlighted section in its quote (Harpo Br. p. 3)[1] Harpo then asked if Mr. Harris "remember[ed] seeing anything else." Mr. Harris answered "I don't remember seeing *anything else*." (*Id.*, p. 61, ln. 25 - p. 62., ln. 2) Thus, Mr. Harris did not remember anything <u>specific</u> from nine years ago (the patent application was filed in February 2000) and did not remember seeing anything excerpt the book cover and reviews -- exactly what he told the Examiner. Harpo then asked if Mr. Harris printed anything out or provided any other information to the Patent Office. (*Id.*, p. 62, lns. 3-9) Harpo did not ask why Mr. Harris did not provide copies to the Patent Office or how Mr. Harris explored the website. ***Harpo's counsel did not even put the barnesandnoble.com pages of the website in front of Mr. Harris or ask him any questions about it.***

The bottom line is that it is not reasonable to infer that an established and

---

[1] The Federal Circuit has warned against such tactics. <u>Amstar Corp.</u> v. <u>Envirotech Corp.</u>, 730 F.2d 1476, 1486 (Fed. Cir. 1984) ("A quotation containing deletions that so clearly distort the meaning and relevance of the quotation as to render it misleading will not in this court be encouraged by acquiescence.")

esteemed patent prosecution lawyer would risk his career by lying to the Patent Office to obtain a patent. Even more ridiculous is the notion that he would intentionally hide information and at the same time tell the Examiner – and everyone else – precisely where to find the supposedly hidden information. Finally, Harpo's own exhibits establish that the barnesandnoble.com website constantly changed, and did not always include book excerpts. Summary judgment should be entered on Harpo's inequitable conduct claim.

January 8, 2010                     Respectfully submitted,

/s/ Paul K. Vickrey
Raymond P. Niro (rniro@nshn.com)
Paul K. Vickrey (pvickrey@nshn.com)
Lee F. Grossman (lgrossman@nshn.com)
Joe A. Culig (jculig@nshn.com)
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Tel: (312) 236-0733
Fax: (312) 236-3137

**Attorneys For Illinois Computer Research, LLC**

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ICR'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON HARPO'S INEQUITABLE CONDUCT CLAIM** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

>David P. Sanders (dsanders@jenner.com)
>Olivia T. Luk (oluk@jenner.com)
>Jenner & Block LLP
>353 North Clark Street
>Chicago, IL 60654
>Phone: (312) 222-9350
>Fax: (312) 527-0484
>
>Charles L. Babcock (cbabcock@jw.com)
>Michael G. Locklar (mlocklar@jw.com)
>Jackson Walker, LLP
>1401 McKinney, Suite 1900
>Houston, TX 77010
>
>***Attorneys for Harpo Productions, Inc.***

on this 8th day of January, 2010.

>/s/ Paul K. Vickrey