IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Illinois Computer Research, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Harpo Productions Inc. )<br>)<br>Defendant. ) | Civil Action No. 08 C 7322<br><br>Honorable Matthew Kennelly<br>Magistrate-Judge Mason |

### ICR'S MOTION TO STRIKE HARPO'S "AMENDED INITIAL DISCLOSURES"

Illinois Computer Research, LLC ("ICR") moves to strike the "Amended Initial Disclosures" of Harpo Productions, Inc. ("Harpo"). In support of its motion, ICR states:

1. Fact discovery closed on October 28, 2009 (Exhibit A). In the Scheduling Order, this Court indicated that fact discovery "***may*** reopen for 42 days after claim construction ruling." (Id; emphasis added). But, this cannot fairly be used as a justification to multiply the number of witnesses over eight-fold.

2. Harpo served its Rule 26(a)(1) Initial Disclosures on March 11, 2009 (Exhibit B). In its Initial Disclosures, Harpo identified four witnesses.

3. On April 30, 2010, Harpo served its "Amended Initial Disclosures" (Exhibit C), in which it identified 31 new "witnesses." Many of the 31 new witnesses are entities, not witnesses. For example, Harpo identified the following entities as witnesses: Fish & Richardson, AOL, Barnes & Noble, 1st Books Library, Google and Sony Corporation.

4. During the April 1, 2010 status hearing, this Court set a schedule for expert discovery. Neither party asked to reopen fact discovery, and the Court did not reopen fact discovery.

5. Even if one construed the March 16, 2009 Scheduling Order as automatically reopening fact discovery after this Court's claim construction ruling, the Court ruled on claim construction on March 24, 2010.

6. Moreover, most of the new "witnesses" relate to Harpo's invalidity contentions, none of which have changed based on claim construction.

7. A party cannot "sandbag" another by not timely identifying knowledgeable witnesses under Rules 26(a)(1), and then waiting until **after** the close of fact discovery to identify more than 31 new witnesses, under the guise of supplementation. Yet, that is precisely what Harpo has done here.

8. Harpo's unilateral attempt to add new witnesses and reopen fact discovery greatly prejudices ICR, and is wholly inconsistent with the Court's expert discovery cutoff and scheduled July 26 trial date.

9. The urgency of this motion is that Harpo is now acting as if fact discovery did not close on October 28, 2009, that leave to re-open is not required and they have improperly noticed the deposition of Fish & Richardson (one of the newly identified entities) for May 5, 2010.

For these reasons, ICR respectfully requests that Harpo's "Amended Initial Disclosures" be stricken.

May 4, 2010                         Respectfully submitted,

/s/  Paul K. Vickrey
Raymond P. Niro (rniro@nshn.com)
Paul K. Vickrey (vickrey@nshn.com)
Laura A. Kenneally (kenneally@nshn.com)
Joe A. Culig (jculig@nshn.com)
Niro, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515

        Tel:  (312) 236-0733
        Fax:  (312) 236-3137

***Attorneys For Illinois Computer Research, LLC***

**CERTIFICATION OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing **ICR'S MOTION TO STRIKE HARPO'S "AMENDED INITIAL DISCLOSURES"** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

    David P. Sanders (dsanders@jenner.com)
    Olivia T. Luk (oluk@jenner.com)
    Jenner & Block LLP
    353 North Clark Street
    Chicago, IL 60654
    Phone: (312) 222-9350
    Fax:  (312) 527-0484

    Charles L. Babcock (cbabcock@jw.com)
    Michael G. Locklar (mlocklar@jw.com)
    Jackson Walker, LLP
    1401 McKinney, Suite 1900
    Houston, TX 77010

    **Pro hac pending:**
    Robert P. Latham
    Jackson Walker L.L.P.
    901 Main Street
    Suite 6000
    Dallas, TX  75202
    214-953-6095

    ***Attorneys for Harpo Productions, Inc.***

on this 4th day of May, 2010.

                                /s/  Paul K. Vickrey