**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number:  08 cv 7322 |
| HARPO PRODUCTIONS INC. | ) ) | Judge Matthew Kennelly |
| Defendant. | ) ) | |

**MOTION OF DEFENDANT HARPO PRODUCTIONS, INC.'S TO RECONSIDER
MINUTE ORDER OF MAY 18, 2010 TO ALLOW HARPO TO CALL UP TO EIGHT
WITNESSES AT TRIAL, AND, IN THE ALTERNATIVE, FOR CONTINUANCE OF
TRIAL TO ALLOW ICR ADDITIONAL TIME TO DEPOSE THE WITNESSES**

Defendant Harpo Productions, Inc. ("Harpo"), by its attorneys, respectfully moves this

Court for the entry of an order reconsidering the Court's minute order of May 18, 2010, to allow

Harpo to call at trial up to the eight witnesses discussed in this motion and, in the alternative, to

continue the trial date to allow Plaintiff Illinois Computer Research, LLC ("ICR") time to depose

these witnesses should either the Court or ICR believe that there is insufficient time to depose

these witnesses by the existing trial date.  In support of this motion, Harpo states as follows:

**INTRODUCTION**

1.      On May 18, 2010, this Court entered a minute order striking Harpo's Amended

Disclosures, with limited exceptions.   A written opinion explaining the Court's reasons

apparently is forthcoming, but not yet available.  In this motion, Harpo requests that the Court

reconsider its order and allow Harpo to call at trial up to the eight apparently stricken witnesses,[1]

the majority of whom were long ago disclosed.  Harpo is prepared to engage in any discovery

---

[1] The witnesses are: corporate representatives of Fish & Richardson, Barnes & Noble, and Sony;
Roger Black, Davina Morgan-Witt, Madris DePasture, Alice McGee and Garrett Moehring.

that granting this relief would occasion.  However, if either the Court or ICR believes that there is insufficient time to conduct this discovery before the July 26th trial date, then Harpo moves for a continuance of that trial date in order to allow ICR time to depose the witnesses and thereby eliminate any purported prejudice.

2.      Striking a witness who is known to the opposing party has been held to be an abuse of the court's discretion.  *Quinn v. Consol. Freightways Corp. of Delaware*, 283 F.3d 572, 578 (3rd Cir. 2002) ("[t]o exclude critical evidence for failing to amend . . . champions form over substance and denied [plaintiff] her full day in court."); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) ("Because Rule 37 does not require sanctions against a non-disclosing party if that party's violation was harmless, the district court abused its discretion . . . .").  Five of the witnesses Harpo seeks to call at trial have been long known to ICR.

(a)      Fish & Richardson, P.C. ("Fish").  Fish, the former law firm of the '252 patent's inventor, Scott Harris ("Harris"), was disclosed by co-defendant Sony.  Mr. Harris and  ICR's owner, James B. Parker were examined extensively in this case about Fish in their depositions.  ICR's expert on damages, Joseph Gemini, even relies upon ICR's settlement of the litigation with Fish and Google in calculating a reasonable royalty.

(b)      Sony.  Sony was surely known to ICR because it sued two Sony entities in this very case.  Sony was dismissed with prejudice for reasons ICR refused to disclose.

(c)      Barnes & Noble.  Barnes & Noble was disclosed by Sony on March 11, 2009 (Doc. No. 123-2 at p. 3) and is referenced in the '252 patent ("Many bookstores are common on the web, such as BarnesandNoble.com . . . ." (Doc. No. 1-1, col. 5, ll.13-14).  Barnes & Noble was integral to ICR's own Motion for Summary Judgment on inequitable conduct, which the Court denied.  (*See* Doc. Nos. 88, 89, 90, 99, 100, 101, 104, 107).

(d)   <u>Roger Black</u>.   He was the Barnes & Noble web designer.   He submitted an affidavit *in this* case in support of Sony's Motion for Summary Judgment, and was thus surely known to ICR.  (Doc. No. 67 at p. 5).

(e)   <u>Madris DePasture</u>.   She was the principal of New Concepts Publishing.   She was not only known to ICR, but ICR scheduled her deposition.   Through no fault of Harpo, ICR chose not to depose her. (Doc. No. 123-15 at p. 5-9).   She placed book excerpts and book jackets on the internet long before ICR's alleged invention.

3.     Of the three remaining witnesses, one (Davina Morgan-Witt) was only recently discovered by Harpo after the Court's claim construction ruling.   Ms. Morgan-Witt started a website (Book Browse) which does exactly what oprah.com does by printing book excerpts and images of book jackets (covers).   She began this in December 1997.   If permitted to testify, Ms. Morgan-Witt could tell the jury when she began this website and what it did all from firsthand knowledge.   ICR is hopeful that this highly probative testimony will never get before the jury. ICR is attacking Harpo's invalidity and marketing experts on the basis that they don't "know" when these prior art references were actually on the internet.   ICR challenges the reliability of the "WayBackMachine," which has documentation that Book Browse, Barnes & Noble, and New Concepts were on the internet long before ICR's priority date.[2]   Harpo requires testimony to rebut ICR's false attacks on the Harpo evidence.

4.     The final two witnesses are Alice McGee and Garrett Moehring.   Both were present at Harpo when the Oprah Book Club started in 1996.   Ms. McGee left Harpo prior to the filing of this lawsuit, but still resides in Chicago and can be produced for a deposition if requested.   These witnesses will testify that Harpo began posting book excerpts and book jackets

---

[2] The WayBackMachine is a website that archives old internet websites at
http://www.archive.org/.

on the internet *prior to* ICR's claimed invention date, evidence expressly undermining ICR's claims. In fact, Ms. McGee can testify that the celebrated author, Tony Morrison, contractually agreed to allow excerpts of the book *Paradise* be put on Oprah On-Line, which was the predecessor of oprah.com. A copy of that contract has been produced to ICR.

5.    To the extent that this Court's May 18th order is based on the view that Local Patent Rule 1.3 required Harpo to ask leave from the Court to take additional fact discovery in the 42 day period following its claim construction ruling, Harpo respectfully submits that a ruling that precludes Harpo from calling witnesses at trial based on that view is unduly prejudicial to it given the ambiguity in the rule and the lack of any authority construing it. Local Patent Rule 1.3 had not even gone into effect at the time of the scheduling order in this case. This Court nonetheless stated that it would require the parties to conform to the proposed rule. That rule provided that discovery "may resume" for 42 days following claims construction. Harpo reasonably believed, based on this language, that it was entitled to "resume discovery" during this period in its discretion, without leave of court. As this Court noted in court on May 10th, there are no comments construing this proposed rule. Moreover, the "Patent Case Schedule" attached to the Proposed Amendment to the Local Rules, which follows the limited comment to the proposed rules, lists the 42 day period next to the heading "close of fact discovery after claim construction ruling." There would have been no reason to talk about a "close of fact discovery" if fact discovery had already finally closed. Similarly, the "Patent Case Schedule" included in the Proposed Amendment discussed the time for a patent case to get to trial. The 42 day period is included in the time calculation along with all the other dates that purport to be standard and mandatory. Harpo acknowledges that lead counsel for ICR and this Court were involved in the drafting of the new rules and may have personal views about the

intent of the rules.  Nonetheless, Harpo's contrary interpretation certainly was reasonable.  Harpo should not be penalized by a ruling barring it from presenting crucial and potentially dispositive evidence at trial because of a differing understanding over the proper interpretation of an ambiguous new rule.[3]

### STRIKING THESE WITNESSES WOULD BE AN ABUSE OF DISCRETION

6.      When reviewing the application of the Federal Rules of Civil Procedure, such as in this case, the Federal Circuit applies the law of the applicable regional circuit.  *Trilogy Commc'ns, Inc. v. Times Fiber Commc'n., Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997).   In the Seventh Circuit, preclusion of witnesses at trial requires a showing of (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.  *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

7.      A party is not required to supplement its Rule 26(a)(1)(A) disclosures when that information "has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously known is identified during the taking of a deposition."  FED. R. CIV. P. 26(e)(1) Advisory Committee Notes (1993).  The requirement to update Rule 26(a) disclosures is to prevent surprise.  *Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005); *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, No. 02 C 3767, 2007 WL 781253, at *7 (N.D. Ill. Mar. 7, 2007).  "Ultimately, the effect of Rules 26(e) and 37 is to exclude undisclosed evidence unless the information is made known to the other side in the context of the case itself."

---

[3] Importantly, Harpo's reasonable interpretation of the Local Patent Rule 1.3 further shows that Harpo did not disclose the excluded witnesses in bad faith.

*Physicians Mut. Ins. Co. v. Asset Allocation and Management Co., LLC*, No. 06-cv-5124, 2007 WL 2410223, at *4 (N.D. Ill. Aug. 17, 2007).

8.    The need to update a party's Rule 26(a)(1)(A) disclosures was squarely addressed by the Seventh Circuit in *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725 (7th Cir. 2004).  In that case, the name of a person with knowledge (Ryczek) arose during a deposition of AT&T's Rule 30(b)(6) witness, but Ryzcek was not included in AT&T's Rule 26(a) disclosures. *Id.* at 732-33.  Later, Gutierrez tried to strike an affidavit of Ryczek on the grounds that Ryczek was not included in AT&T's Rule 26(a) disclosures. *Id.*  The Seventh Circuit affirmed the district court which refused to strike the affidavit:

> Although the defendants did have an obligation to seasonably supplement their Rule 26(a) disclosures and interrogatory responses, such amendments are required only in certain circumstances, such as when the additional information 'has not otherwise been made known to the other parties during the discovery process ...." FED. R. CIV. P. 26(e)(1),(2); *see also David v. Caterpillar, Inc.,* 324 F.3d 851, 856 (7th Cir.2003). Here, the plaintiffs knew of Ryczek and the fact she possessed information relevant to this case through Baucom's and Evans's depositions.

*Id.* at 733.  Thus, when a person with knowledge is made known during discovery, an update of the party's Rule 26(a) disclosures is *not* required. *Id.*; *Capuano v. Consol. Graphics, Inc.*, No. 06 C 5924, 2007 WL 2688421, at *2 (N.D. Ill. Sept. 7, 2007); *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, No. 02 C 3767, 2007 WL 781253, at *6 (N.D. Ill. Mar. 7, 2007); *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, No. 05 C 6022, 2007 WL 3052944, at *3 – 5 (N.D. Ill. Oct. 18, 2007); *Fenje v. Feld*, 301 F.Supp.2d 781, 814-15 (N.D. Ill. 2003), *aff'd* 398 F.3d 620 (7th Cir. 2005).  Moreover, the 1993 Advisory Committee Notes to FED. R. CIV. P. 37(c)(1) state that "[l]imiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the

name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party. . . ." *Id.*

9.      Knowledge of undisclosed information by the other party renders nondisclosure "harmless" pursuant to Rule 37. *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725 (7th Cir. 2004); *see Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (3d Cir. 1995).   Further, where witnesses were effectively disclosed, for instance, through a co-defendant's Rule 26(a) disclosures, a party is substantially justified in believing that no further disclosure was required. *Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998); *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co*., No. 00 C 5658, 00 C 7086, 2003 WL 2005233, at *7 (N.D. Ill. Apr. 30, 2003) (nondisclosure of witness was justified and harmless when witness was identified during a deposition and was identified in another defendants' 26(a) initial disclosures); *see also* 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2049.1, p. 604 (2d ed.1994) ("[t]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition.").

10.      Most importantly, even where there may be some lingering question of prejudice to a party because witnesses were not disclosed under Rule 26(a), the Court can "ameliorate any possible prejudice by allowing" that party to depose those witnesses prior to trial. *Id.*  It cannot be disputed by ICR that the majority of witnesses Harpo seeks to call at trial were well-known to the parties during the discovery period.  Under Seventh Circuit law, Harpo should be allowed to use these witnesses at trial, as their disclosure during discovery did not trigger any Rule 26(e) supplementation requirements.  Regardless, ICR is free to depose them in the two months before trial.

11.  **Previously Known Witnesses**

i.  **Roger Black**.  Mr. Black, known to ICR since at least June, 2009, is expected to testify regarding his work with the barnesandnoble.com website, a key invalidity reference for Harpo.  Mr. Black has knowledge regarding his company, Interactive Bureau, and its design of the Barnes & Noble website, which was available through AOL as of March, 1997 and on the World Wide Web as of May 5, 1997.  The web site used pictures of book jackets and excerpts from certain books, subjects clearly relevant to the '252 Patent.

ICR cannot claim surprise or prejudice with respect to the designation of Mr. Black, nor with respect to Mr. Black's testimony.  Mr. Black's declaration describing the bases for his testimony was submitted on June 26, 2009 as part of Sony's Motion for Summary Judgment of Non-Infringement.  (Doc. No. 67 at p. 5).  Sony was a co-defendant in this case at the time. Additionally, Black's declaration and its attachments were used in Harpo's Final Invalidity Contentions on September 23, 2009.  (*See* Exhibit A).  Black's declaration and its attachments were also used in Harpo's Statement of Additional Material Facts in Opposition to ICR's Motion for Summary Judgment on Harpo's Inequitable Conduct Claim submitted on Dec. 22, 2009. (Doc. No. 101-9).  There is no doubt that Mr. Black was repeatedly disclosed and was known to ICR in the discovery period.  Thus, Mr. Black has been adequately disclosed in this case and, under *Gutierrez*, an update of Harpo's Rule 26(a) disclosures should not be required to preserve Harpo's right to use Mr. Black at trial. *See Mattenson v. Baxter Healthcare Corp*., No. 02 C 3283, 2003 WL 22514303, at *1 (N.D. Ill. Nov. 5, 2003 ) ("The duty to supplement initial disclosures under Federal Rule of Civil Procedure 26(e) is satisfied when the other party learns of witnesses during discovery, including depositions and written discovery responses."); *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co*., No. 00 C 5658, 00 C 7086,

2003 WL 2005233, at *7 (N.D.Ill. Apr. 30, 2003) (nondisclosure of witness was justified and harmless when witness was identified during a deposition); *Powell ex rel. Reed v. Doe*, No. 03 C 224, 2004 WL 1444929, at *3 (N.D. Ill. June 28, 2004) ("Because Martinez's and Bassie's identities were brought to the parties' attention during Calatayud's deposition, Powell was under no duty under Rule 26(e) to supplement her Rule 26(a) disclosures."); *Cox v. Prime Fin. Mortgage Corp.,* No. 05 C 4814, 2006 WL 1049948, at *2 (N.D. Ill. Apr. 20, 2006) (same); *Weiland v. Linear Constr., Ltd.*, No. 00 C 6172, 2002 WL 31307622, at *3 (N.D. Ill. Oct. 15, 2002) (same).

      ii.    **Madres DePasture**.  Ms. DePasture, the principal of New Concepts Publishing, has knowledge regarding her use of book excerpts and book jackets on the internet prior to the alleged date of ICR's invention.  New Concepts Publishing references were included in Harpo's timely served invalidity contentions on Sept. 23, 2009. (*See* Exhibit A).

      Like Mr. Black, there is no surprise to ICR with respect to New Concepts Publishing and Ms. DePasture.  ICR itself *subpoenaed* New Concepts Publishing for a 30(b)(6) deposition and requested documents regarding the "design and operation of www.newconceptspublishing.com prior to February 16, 2000." (Doc. No. 123-15).  The New Concepts Publishing website was used on June 26, 2009 as part of co-Defendant Sony's Motion for Summary Judgment of Non-Infringement.  (Doc. No. 71 at p. 3-26).  It was also used in Harpo's Final Invalidity Contentions on September 23, 2009. (*See* Exhibit A).   ICR's attorneys had extensive contact with Ms. DePasture and her attorney.  (Doc. No. 123-15).  ICR knows full well what testimony is available from New Concepts with respect to Ms. DePasture.  What little prejudice, if any, it might suffer from including Ms. DePasture in the trial can easily be cured by a deposition.

iii.   **Fish & Richardson, P.C. ("Fish").**   Fish has been known to ICR since the inception of these proceedings as it was involved in litigation in this district with ICR and Mr. Harris regarding the '252 patent in 2007-2008.   Because of this prior litigation, Fish has information relating to the alleged invention and the subject matter of the '252 patent, inventorship of the alleged invention described in the '252 patent, prosecution of applications that led to the '252 patent, the validity of the '252 patent, and the unenforceability of the '252 patent and the inequitable conduct of the inventor.   In fact, ICR had an obligation to name Fish in its own Rule 26(a) disclosures, as ICR stated that Fish would pursue an inequitable conduct claim against Harris with respect to the '252 patent. (Doc. No. 123-11 at p. 6).   As a result of Fish's apparent exclusion from the trial in this case, ICR is now able to benefit from its own failure to list Fish in its Rule 26(a) disclosures.

Moreover, ICR plainly was not surprised or harmed by Harpo's disclosure of Fish because co-defendant Sony named Fish in its Rule 26(a) disclosures on March 11, 2009. (Doc. No. 123-2 at p. 3).   Various courts have held that a party was under no obligation to supplement its disclosures when another party named the witness in its Rule 26(a) disclosures. *See Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998) (deciding that where witnesses were effectively disclosed, for instance, through a co-defendant's Rule 26(a) disclosures, a party is substantially justified in believing that no further disclosure was required); *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 00 C 7086, 2003 WL 2005233, at *7 (N.D. Ill. Apr. 30, 2003) (nondisclosure of witness was justified and harmless when witness was identified in another defendants' 26(a) initial disclosures); *Sonnier v. Field*, No. 2:05-cv-14, 2007 WL 2155576, at *6 (W.D. Pa. July 25, 2007) (same).   ICR needs little to cure whatever prejudice it alleges it has suffered as it already possesses much of the information

sought by Harpo in this matter, which it has so far refused to provide to Harpo. (Doc. No. 123-8). Further, since Fish is related only to narrow issues surrounding invalidity and unenforceability, inclusion of Fish cannot be expected to be disruptive to the trial.

iv.     **Sony Electronics and Sony Corporation**.  Sony was a previous defendant in this case and thus, ICR cannot claim surprise as to Harpo's disclosure of Sony.  Sony has information regarding the operation of the Sony website previously accused of infringement and the circumstances surrounding why Sony was dismissed from the present suit.  ICR also could not be surprised that Sony would have information pertinent to damages – ICR itself made the decision to drop Sony from the case, providing Harpo with a possible design-around option.   Harpo should have every right to call Sony at trial and provide the jury with this information.

12.    As stated above, witnesses already previously made known during discovery should not be excluded from trial as witnesses, even if not actually disclosed in the original Rule 26(a)(1)(A) disclosures.  ICR was well aware of each of these witnesses and so discovery (and eventual testimony at trial) from such witnesses should not be barred.

13.    **Three Additional Witnesses**

The decision by the Court to preclude Harpo from calling these three important witnesses would severely prejudice Harpo's ability to present its defense.  Therefore, Harpo requests the Court to allow discovery with respect to this limited set of previously undisclosed witnesses. The limitation to just three additional witnesses reduces any prejudice to ICR and allows ICR a chance to cure its "impossible prejudice[]." (ICR's Reply at p. 2).

i.     **Alice McGee**.  Ms. McGee, a former Harpo employee residing in Chicago, has knowledge regarding the origins of the Oprah Book Club, as featured on the Oprah Winfrey Television Show, the development of graphics for that show, web pages associated with the

Oprah Book Club portion of the Oprah.com website, and the circumstances of the placement of book excerpts and both jackets for the web site.  Ms. McGee was associated with the Oprah Book Club since the beginning.  As a result of the court's claim construction, the placement of book excerpts and book jackets not only on the website but also as used in the show is potentially invalidating prior art.  ICR, in violation of the Court's scheduling order, did not provide the claim constructions ultimately adopted by the Court until *after* the close of discovery. (Doc. No. 98 at p. 21-27; Doc. No. 123-14 at p. 15-27).   Harpo urged a different claim construction to the Court, and was unaware of ICR's undisclosed claim constructions at the close of discovery.

The failure of Harpo to include Ms. McGee in its initial disclosures was not out of bad faith or willfulness.  Rather, prior to the Court's claim construction, it would have been incongruous for Harpo to have designated Ms. McGee as a fact witness on these issues.  It was the claim construction finding that text from a book, rather than an actual "image" from a book, was taught by the '252 patent, that made Harpo's own practices potentially invalidating prior art.

At a minimum, Ms. McGee is exactly the type of witness that the Local Patent Rules contemplate bringing into the case after claim construction when the relevance and import of her testimony was not known before claim construction.  If any prejudice to ICR results, it can be easily cured by a deposition, which Harpo will promptly provide, especially when trial is still two months away. *See PRG-Schultz Int'l, Inc. v. Kirix Corp.*, No. 03 C 1867, 2003 WL 22410078, at *3 (N.D. Ill. Oct. 21, 2003) (finding that defendants' tardy failure to identify two witnesses was not prejudicial when plaintiffs were granted leave to depose the witnesses prior to their trial testimony); *El Ranchito, Inc. v. City of Harvey*, 207 F.Supp.2d 814, 818 (N.D. Ill. 2002) (noting that even though the two witnesses were not disclosed, they were not "surprise witnesses" and allowed the defendants to depose the two witnesses within three weeks of the

court's order); *Wells v. Berger, Newmark & Fenchel, P.C.*, No. 07 C 3061, 2008 WL 4365972, at *3 (N.D. Ill. Mar. 18, 2008) (if party was prejudiced by late disclosure of witnesses, then "it could have sought a limited extension of discovery to depose [them]"); *Hein v. Cuprum, S.A., De C.V.,* 53 Fed. Appx. 134, 137 n.1 (2nd Cir. 2002) (holding that "the trial court acted within the bounds of its discretion in admitting certain undisclosed testimony, where the Court was able to take steps to erase whatever prejudice may have been created by the nondisclosure."); *Clark v. Wilkin*, No. 2:06-CV-693, 2008 WL 2388634, at *2 (D. Utah June 11, 2008) (holding untimely disclosure was harmless and prejudice could be mitigated when party still had seven weeks prior to trial to take the depositions of the late witnesses).

        ii.     **Garrett Moehring.**  Mr. Moehring is a Harpo employee who worked on Oprah.com in 1996 through 1999.  He is aware of when book excerpts were used on the oprah.com website.  For the same reasons as Ms. McGee, Mr. Moehring was identified as a fact witness because of the Court's adoption of the previously undisclosed claim construction positions of ICR.  If any prejudice to ICR results, it can be easily cured by a prompt deposition. Without these two witnesses (Moehring and McGee), Harpo will have no witnesses from the time period prior to when the '252 patent was allegedly invented.

        iii.    **Davina Morgan-Witt**.  Ms. Morgan-Witt is a principal at Book Browse and has knowledge regarding the use of book excerpts and book jackets on the internet prior to the alleged date of ICR's invention.  The Book Browse website was only recently uncovered by Harpo in working with its experts.  The failure to previous disclose Book Browse was not due to bad faith or willfulness.  Harpo included Book Browse as an invalidity reference in Harpo's timely served expert reports on invalidity submitted on April 22, 2010, so the ability to call Book Browse at trial does not change the subject matter of this case.

14.     As discussed above, preclusion of witnesses at trial requires a showing of (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).  ICR's only possible claim to prejudice would be that it needed to depose three additional persons prior to trial that were previously unknown to it.  ICR can easily cure this prejudice in the time available especially when trial is still two months away. Of these witnesses, none would be disruptive to the trial, and are all important to further educate the jury on what art was available prior to the alleged invention of the '252 patent.

## CONTINUANCES ARE UTILIZED TO CURE PREJUDICE

15.     Each of these witnesses is critical to Harpo's invalidity defense and taking discovery from this limited set of witnesses should not "impossibly prejudice" ICR, nor should it even affect the trial setting.  However, if there is some purported prejudice to ICR by allowing Harpo to call these witnesses at trial as currently scheduled, Harpo requests a continuance of the trial date so that ICR's purported prejudice can be cured without prejudicing Harpo.

16.     The decision to grant or deny a motion for continuance falls within the sound discretion of the trial court.  *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990).  Indeed, in *David,* 324 F.3d at 858, the Seventh Circuit affirmed the district court's ruling in determining that "Caterpillar was not prejudiced by Ms. David's potential discovery violation" and in particular, noted "that Caterpillar did not seek a continuance so that it could obtain additional information to rebut Dieckow's testimony."  The ability to seek a continuance was one of the factors that the Seventh Circuit considered in affirming the district court's decision. *Id.*; *See also, e.g. Wells v. Berger, Newmark & Fenchel, P.C.*, No. 07 C 3061, 2008 WL

4365972, at *3 (N.D. Ill. Mar. 18, 2008) (if party was prejudiced by late disclosure of witnesses, then "it could have sought a limited extension of discovery to depose [them]").  Moreover, when determining whether exclusion is the proper sanction for an untimely disclosure, both the Eighth and Fifth Circuits consider in their analysis the ability to cure any prejudice by granting a continuance. *Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir.1994); *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993).

## CONCLUSION

WHEREFORE, for the reasons stated above, Harpo requests that the Court reconsider its May 18, 2010 order and enter an order allowing Harpo to call at trial up to the eight witnesses identified in this motion, and, in the alternative continuing the trial date should ICR or the Court believe that there is insufficient time for ICR to depose these witnesses before the existing trial date.

Respectfully submitted,

HARPO PRODUCTIONS, INC.

By:     _/s/ Charles L. Babcock_____
            One of its attorneys

Charles L. Babcock
Michael Locklar
JACKSON WALKER L.L.P.
1401 McKinney, Ste. 1900
Houston, TX  77010
(713) 752-4200

David P. Sanders  (ARDC #2452359)
Olivia T. Luk (ARDC #6288365)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603
(312) 923-2963

## CERTIFICATE OF SERVICE

I certify that on this 21st day of May, 2010 a true and correct copy of this document was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

Raymond P. Niro
Paul K. Vickrey
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax:  (312) 236-3137

__/s/ Charles L. Babcock_____
Charles L. Babcock